UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CLARENCE E. WALLESKE, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>PAUL D. GRANDSTAFF, *et al.*, )<br>)<br>Defendants ) | CAUSE NO. 3:05-CV-634 RM |

OPINION AND ORDER

Clarence E. Walleske, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is

> entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Walleske alleges that while a pre-trial detainee, he slipped on a step stool while climbing into a top bunk. Though the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes, and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. Palmer v. Marion County, 327 F.3d 588, 593 (7th Cir. 2003). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of deliberate indifference to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

> To begin with, while the standing-water problem was a potentially hazardous condition, slippery floors constitute a daily risk faced by members of the public at large. Federal courts from other circuits have therefore consistently held that slippery prison floors do not violate the Eighth Amendment.

2

Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004). Similarly, slipping on a step stool is also a daily risk faced by free citizens. Mr. Walleske acknowledges that it was possible to get on the top bunk without using the step stool, but argues that stepping on the bottom bunk while it was in use would have been improper and could have created a violent encounter with the occupant of the bottom bunk. Nevertheless, a slip and fall "does not amount to cruel and unusual punishment" and the "[r]emedy for this type of injury, if any, must be sought in state court under traditional tort law principles." Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004). This claim will be dismissed.

Mr. Walleske also alleges that he was denied medical treatment for the injuries he sustained when he fell off the step stool. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. Gutierrez v. Peters, 111 F.3d at 1373. Mr. Walleske alleges that he was in serious pain as a result of the fall. Giving Mr. Walleske the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, this allegation constitutes a serious medical need.

Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It isn't enough to show that a defendant merely failed to act reasonably. Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. Walker v. Peters, 233 F.3d 494 (7th Cir. 2000).

Mr. Walleske alleges that after he fell he was taken to the hospital where he was seen and treated by a doctor. When he returned to the jail he was under the care of a nurse and had several follow-up visits with a doctor. Mr. Walleske names both medical and non-medical defendants.

> If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor.

Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005) (ellipsis omitted) citing Spruill v. Gillis, 372 F.3d 218, 236 (3rd Cir. 2004). Mr. Walleske alleges that a guard told the doctor at the hospital not to prescribe narcotics. Even while accepting that this statement was made by the guard, hospital doctors do not take medical directions from guards transporting inmates. Mr. Walleske was under the care of the hospital doctor who exercised professional judgment in determining what medication to administer. Even though the doctor may have seemingly followed that instruction by not prescribing narcotics, it was solely the doctor who was responsible for having determined the course of Mr. Walleske's medical treatment. Neither the guard nor her supervisors are liable for the doctor's professional judgment. Mr. Walleske names the sheriff and the jail commander as defendants, but because Mr. Walleske was under the care of medical staff, all of the non-medical defendants will be dismissed.

Mr. Walleske alleges that he was denied medical care because he wasn't given narcotics and was limited to aspirin, because he was denied a CAT scan and an MRI, because he was refused an explanation of his X-ray, because he was only prescribed antibiotics and aspirin for four days, because he was referred to his

5

personal physician for further treatment, and because he was limited to six aspirin per day.

Mr. Walleske was taken to the hospital, had several follow-up visits with a doctor, and was seen periodically by the nurse. He disagreed with the medical care he received and wanted additional diagnostic testing as well as more and stronger pain medication, but "[u]nder the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir.1997). Perhaps his medical treatment was wrong, but even malpractice would not constitute deliberate indifference, which requires the total disregard for a prisoner's safety: the functional equivalent of wanting harm to come to the prisoner. The Eighth Amendment does not require medical success nor even reasonable treatment, it merely prohibits wanting harm to come to a prisoner. Even if his treatment may have been substandard, unreasonable, negligent, or even an act of medical malpractice, the facts alleged by Mr. Walleske do not state a federal constitutional claim.

Mr. Walleske also alleges that he was charged for his medical care and required to buy aspirin from commissary. The Eighth Amendment guarantees only that inmates receive necessary medical care; it does not guarantee free medical care. Reynolds v. Wagner, 128 F.3d 166, 174 (3d Cir. 1997); Martin v. DeBruyn, 880 F. Supp. 610, 615 (N.D. Ind. 1995), *aff'd*, 116 F.3d 1482 (7th Cir. 1997).

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. §1915A.

SO ORDERED.

ENTERED: December 9 , 2005

                /s/ Robert L. Miller, Jr.
                Chief Judge
                United States District Court